COMMONWEALTH *vs.* IGNACIO GONZALES, JR.

No. 91-P-1200.

Worcester. November 18, 1992. - December 21, 1992.

Present: BROWN, SMITH, & GREENBERG, JJ.

*"School Zone" Statute. Controlled Substances.*

A defendant arrested within 1,000 feet of a school, while in possession of
ten glassine packets of heroin, was entitled to a required finding of not
guilty on an indictment charging him with violating G. L. c. 94C,
§ 32J, the "school zone" statute, where the Commonwealth failed to
produce evidence that the school is in one of the categories enumerated
in the statute, namely, an "elementary, vocational, or secondary
school." [729-730]

At the trial of a defendant arrested while in possession of ten glassine
packets of heroin, the evidence was sufficient to warrant the jury in
finding him guilty of possession of the drug with intent to distribute.
[730-732]

INDICTMENTS found and returned in the Superior Court
Department on December 13, 1990.

The cases were tried before *Robert V. Mulkern*, J.

*Eric Brandt*, Committee for Public Counsel Services, for
the defendant.

*Michael A. Uhlarik*, Assistant District Attorney, for the
Commonwealth.

SMITH, J. A jury convicted the defendant on indictments
charging him with unlawful possession of heroin with intent
to distribute (G. L. c. 94C, § 32), and unlawful possession of
heroin with intent to distribute while within 1,000 feet of real
property comprising a public or private elementary, voca-
tional, or secondary school (G. L. c. 94C, § 32J) (the school
zone statute).

On appeal, the defendant claims that (1) the evidence was
insufficient to permit a finding that the defendant violated
the school zone statute because the Commonwealth made no

showing that the school in question was within the scope of the statute, (2) the judge's instructions on the charge of possession in a school zone with intent to distribute inadequately defined the offense because they failed to require a finding that the school was within the scope of the statute, and (3) the evidence was insufficient to permit a finding that the defendant intended to distribute heroin.

1. *The evidence concerning the alleged violation of the school zone statute.* General Laws c. 94C, § 32J, as inserted by St. 1989, c. 227, § 2, provides in relevant part as follows:

> "Any person who violates the provisions of section thirty-two, thirty-two A, thirty-two B, thirty-two C, thirty-two D, thirty-two E, thirty-two F or thirty-two I while in or on, or within one thousand feet of the real property comprising a public or private elementary, vocational, or secondary school whether or not in session shall be punished by [penalties as specified] . . . ."

The Commonwealth presented evidence that on January 27, 1990, while executing a search warrant, the police searched the defendant and found ten glassine packets containing heroin. The distance between the place where the defendant was arrested and a nearby school was 606 feet. That school was identified as "Worcester Academy." There was no evidence that the school was an "elementary, vocational, or secondary school."

The defendant filed a motion for a required finding of not guilty. Although in his motion the defendant did not argue that the school was not adequately defined, Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979), provides that a judge "shall enter a finding of not guilty" on his own motion wherever "the evidence is insufficient as a matter of law." Further, insufficient evidence presents a situation which is "inherently serious enough to create a substantial risk of a miscarriage of justice." *Commonwealth* v. *McGovern*, 397 Mass. 863, 867-868 (1986).

The language of the statute is unequivocal and, therefore, "the Legislature must be presumed to have intended to limit

the application of the statute to the [types of schools] specifically enumerated." *Commonwealth* v. *Domaingue*, 397 Mass. 693, 697 (1986). See *County of Middlesex* v. *Newton*, 13 Mass. App. Ct. 538, 542 (1982) ("a statutory expression of one thing is an implied exclusion of other things omitted from the statute"). See also 2A Singer, Sutherland Statutory Construction § 47.24, at 203 (Sands 4th ed. 1984) (noting that the maxim is based on the premise that generally "when people say one thing they do not mean something else"). If one applies these guides to construction, the statute does not apply to all schools but only to "public or private elementary, vocational, or secondary school[s]." Therefore, in a prosecution pursuant to G. L. c. 94C, § 32J, the Commonwealth is required to produce sufficient evidence to establish that the school is one of the types enumerated in the statute.[1]

Here, testimony only as to the name of the school ("Worcester Academy") does not give any indication whether the school falls within one of the statutory categories and, therefore, does not satisfy the Commonwealth's burden of proving this element beyond a reasonable doubt. *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979). Accordingly, the defendant's conviction on the school zone charge is reversed, and judgment is to be entered for the defendant.

2. *The sufficiency of the evidence concerning the possession with intent to distribute indictment.* The defendant argues that the judge erred in denying his motion for a re-

---

[1]Our holding that the Commonwealth must establish the *type* of school does not, we think, set up a heavy burden for the prosecution to bear. The arresting officer or any other witness may testify that the school in question is an elementary, vocational, or secondary school if he or she has personal knowledge of that fact. A principal of the school, an employee of the school, or anyone associated with the school may testify as to the type of school. Of course, the parties may stipulate to that fact.

Whether a particular school is an elementary, vocational, or secondary school does not seem to us to be a proper subject of judicial notice at the trial level as a matter of common knowledge. See *Commonwealth* v. *Green*, 408 Mass. 48, 50 & n.2 (1990).

Nor does the term "academy" necessarily signify an elementary, vocational, or secondary school. See G. L. c. 73, § 1 (Massachusetts Maritime Academy is a "nautical college").

quired finding of not guilty. He claims that the Commonwealth did not introduce sufficient evidence for a rational jury to find, beyond a reasonable doubt, that the defendant was guilty of possession of heroin with intent to distribute, because the small amount of heroin seized supports equally an inference of distribution and an inference of personal use.

"Intent is a factual matter that may be proved by circumstantial evidence." *Commonwealth* v. *LaPerle*, 19 Mass. App. Ct. 424, 427 (1985). The amount of heroin (.32 grams) seized by the police was small. The fact that the amount of drugs seized was small does not, by itself, require a finding of not guilty to so much of the indictment as states "intent to distribute." A dealer's inventory of drugs may have been reduced before his arrest to a small amount by a number of sales. Therefore, we examine other evidence introduced by the Commonwealth in regard to the indictment.

The drugs that were seized were in ten glassine packets held together by an elastic band. Such packaging was considered to be a bundle which, according to the testimony, was consistent with distribution rather than personal use. See *Commonwealth* v. *Davis*, 376 Mass. 777, 779, 788 (1978), which held that the form of packaging is a recognized factor in the question of intent to distribute. According to expert testimony, a bundle would bring approximately $180 to $200 when sold. Further, each bag had a "scorpion" mark which was indicative of an individual dealer's brand name. The defendant was arrested in an area of high drug activity. Finally, the defendant, although unemployed, in addition to the heroin, had $167 in loose currency in his pocket when arrested. Although the decision whether to allow or deny the defendant's motion for a required finding of not guilty was a close one, we think that the combination of factors enumerated above made it a proper case for submission to the jury.

The judgment on the indictment charging the defendant with a violation of G. L. c. 94C, § 32J, is reversed, the verdict is set aside, and judgment is to be entered for the de-

fendant. The judgment on the indictment charging possession with intent to distribute heroin is affirmed.

*So ordered.*