COMMONWEALTH *vs*. LOURDES VASQUEZ. No. 92-P-560. December 21, 1992. *"School Zone" Statute*.

The defendant was charged in three indictments with the following offenses: (1) possession of heroin with intent to distribute (G. L. c. 94C, § 32(*a*), (2) possession of heroin with intent to distribute within 1,000 feet of real property comprising a public or private elementary, vocational, or secondary school (G. L. c. 94C, § 32J) (school zone statute), and (3) distribution of heroin. A Superior Court judge, sitting without a jury, found the defendant guilty on the indictments charging a violation of the school zone statute and distribution of heroin and not guilty of the possession with intent to distribute charge.

At trial, the only evidence concerning the school in the school zone indictment was that it was called the "Woodland Street School" or the "Woodland Community School." There was no evidence that the school was an elementary, vocational, or secondary school. On appeal, the defendant claims that the evidence was insufficient to permit a finding that the defendant violated the school zone statute because the prosecution made no showing that the school in question was an "elementary, vocational, or secondary school" as required by the statute.

The issue raised in this case is identical to that considered and decided in favor of the defendant in part 1 of *Commonwealth* v. *Gonzales, ante* 728, 729-730 (1992). There is no need for us to repeat our analysis.

The judgment on the indictment charging the defendant with a violation of G. L. c. 94C, § 32J, is reversed, the verdict is set aside, and judgment is to enter for the defendant. The judgment on the indictment for distribution of heroin is affirmed.

> *So ordered.*

*Eric Brandt*, Committee for Public Counsel Services, for the defendant.

*Michael A. Uhlarik*, Assistant District Attorney, for the Commonwealth.