## COMMONWEALTH *vs.* HARVEY BENITEZ.

No. 93-P-1585.

Middlesex. October 21, 1994. - December 13, 1994.

Present: BROWN, GILLERMAN, & LAURENCE, JJ.

*Search and Seizure*, Automobile. *Constitutional Law*, Search and seizure. *Controlled Substances. Evidence*, Admissions and confessions.

Where police officers had probable cause to seize apparent contraband in plain view on the person of the defendant, the judge at the trial of an indictment for possession of the controlled substance with intent to distribute correctly denied the defendant's motion to suppress the evidence seized.[723-724]

Evidence at the trial of an indictment for possession of a controlled substance with intent to distribute was sufficient to warrant submission of the intent to distribute element to the jury.[724]

At a criminal trial the admission in evidence of nine hundred packets of heroin seized in the apartment of a codefendant whose case was severed from the trial of the defendant was prejudicial in circumstances where it was not alleged or proved that the defendant had any control of or connection to that contraband, where the defendant was not present at the time of the search of the apartment, and where the defendant, an admitted user of heroin, conceded he purchased from the codefendant the heroin in his possession at the time of his arrest: a new trial on the indictment charging the defendant with possession with intent to distribute was required. [724-726]

INDICTMENT found and returned in the Superior Court Department on May 12, 1992.

A pretrial motion to suppress evidence was heard by *Charles J. Hely*, J., and the case was heard by him.

*Willie J. Davis* for the defendant.

*David W. Cunis*, Assistant District Attorney, for the Commonwealth.

BROWN, J. On appeal from his conviction of possession of a controlled substance (heroin) with intent to distribute, the defendant posits three bases for disturbing the judgment. We

think that the defendant is entitled to a new trial because the judge improperly admitted evidence of contraband seized from the apartment of a codefendant who was not on trial. As the other claims of error most certainly will recur at any retrial, we are obliged to discuss them. We sketch a brief scenario of the relevant events and later add such details as are necessary to our analysis of the issues presented.

The police observed the defendant and Alfred Nunez leave Nunez's apartment together, enter an automobile, and ride to a different location where the defendant's car was parked; they later observed Nunez transfer contraband to the defendant. The defendant was arrested almost immediately. Shortly thereafter, as the result of a search pursuant to a warrant, the police seized nine hundred packets of cocaine from Nunez's apartment.

1. *Motion to suppress.*

The officers observed the following: (1) Nunez[1] hand something to the defendant, while both were seated in Nunez's automobile; (2) the defendant leave the automobile holding a plastic bag in a closed fist; (3) the defendant enter his own automobile and then place the plastic bag inside the groin area of his pants; and (4) that the defendant's pants were undone when they approached him seated in his car. One of the officers reached into the automobile and seized the plastic bag from the groin area of the defendant's pants.

The defendant's motion to suppress was properly denied. There was probable cause for the "warrantless seizure." Compare *Commonwealth* v. *Podgurski*, 386 Mass. 385, 388 (1982), cert. denied, 459 U.S. 1222 (1983) (observations made through vehicle windows are lawful and can provide probable cause).

This aspect of the case is controlled in material respects by the reasoning set out in *Podgurski*, *supra*, and *Commonwealth* v. *Rivera*, 27 Mass. App. Ct. 41, 42-43 (1989). In *Rivera*, we said "it is settled by numerous decisions that a concurrence of the first and second factors — identification

---

[1]Nunez's trial was severed from that of the defendant.

of the baggie in the person's possession and evasive reaction by him — readily cumulate to provide probable cause." *Id.* at 43. The first factor cannot reasonably be disputed, and we deem the defendant's attempt to conceal what appeared to be contraband, i.e., placing a plastic bag in his groin area, tantamount to "furtive" behavior.

2. *Sufficiency of the evidence.*[2] The jury could well accept and agree with the police experts' conclusions. So also, the jury by fair inference could reach the conclusion that the defendant's statement about his daily consumption of heroin was falsely exaggerated to lend color to his claim that all the heroin he was carrying was for his own use. In short, the combination of factors, especially as interpreted and characterized by the experts, makes, in our opinion, a proper case for submission of the distribution charge to the jury. See, e.g., *Commonwealth* v. *Roman*, 414 Mass. 642, 645-648 (1993), and cases cited therein.

3. *Admission in evidence of Nunez's contraband.* The defendant argues that the admission in evidence of the nine hundred packets of heroin seized in Nunez's apartment was unfairly prejudicial. We agree.

The Commonwealth argues that this evidence could have a bearing on the question of the defendant's intent to distribute, an ingredient of the drug crime, and to show the entire sequence of events. See *Commonwealth* v. *Bradshaw*, 385 Mass. 244, 269-270 (1982); *Commonwealth* v. *Barrett*, 418 Mass. 788, 793-794 (1994). See also *Commonwealth* v. *Hoffer*, 375 Mass. 369, 373 (1978) ("inextricably intertwined with the description of events on the night of the [drug transaction] and thus was highly relevant"); *Commonwealth* v. *Stewart*, 411 Mass. 345, 354 (1991) ("logical tendency to prove some issue in the case on trial").

---

[2]The defendant would like us to discredit the testimony of the Commonwealth's police witnesses by casting doubt on their unenhanced nighttime visual acuity. Although some of the testimony of the police officers strains credulity, our decision on this question as well as on the motion to suppress issue does not depend on our view of that testimony.

We are not dealing here with the classic other crimes or prior misconduct situation. See, e.g., *Commonwealth* v. *Clifford*, 374 Mass. 293, 298 (1978), and authorities cited. See also *Commonwealth* v. *Helfant*, 398 Mass. 214, 224-225 (1986), and cases cited. It was not alleged, and no evidence was presented to support an allegation, that the defendant owned, possessed, or had control of the contraband found in Nunez's apartment. The defendant was not present at the time of the search; nor was anything found, other than similarly marked drug packages, connecting this defendant to the apartment. As the defendant conceded that he purchased the heroin from Nunez, we fail to see the relevance this evidence had to any live issue at trial. Even if we were to conclude that the evidence seized from Nunez's apartment had some marginal relevance to the offense charged, we have scant difficulty concluding that in the circumstances presented here any such relevance of this evidence was outweighed by the undue prejudice that may have flowed from it. See *Commonwealth* v. *Barrett*, 418 Mass. at 794-795, and cases cited; *Commonwealth* v. *Yelle*, 19 Mass. App. Ct. 465, 471-472 (1985); *Commonwealth* v. *Darby*, ante 650, 655 (1994).

The defendant admitted he was a user of drugs and Nunez was his supplier. As this case was not presented on a conspiracy or joint venture theory, we think that the admission of the huge stash of drugs seized in Nunez's apartment impermissibly tipped the balance and perforce unfairly eradicated the defendant's only asserted defense, that is, he was a heavy user and the drugs seized from his person were for his personal use only. Viewing the observed behavior of Nunez and the defendant, either separately or together, and drawing inferences generously in favor of the Commonwealth, there is, at best, support for two equally plausible propositions: that the purchase of drugs from an undisputed drug dealer was either for personal use or for distribution. We are thus left to "speculate upon the effect of that evidence. We are not in a position to say that it had none and such doubts as we entertain can only be resolved in favor of the defendant." *Commonwealth* v. *Barrett*, 418 Mass. at 796, quoting from *Com-*

*monwealth* v. *Welcome*, 348 Mass. 68, 70 (1964). See also
*Commonwealth* v. *Darby, supra* at 655.

> *Judgment reversed.*
> *Verdict set aside.*