### STATE of Maine

v.

### Gary ALLARD.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 24, 1996.

Decided April 17, 1996.

---

R. Christopher Almy, District Attorney, Jeffrey M. Silverstein, Assistant District Attorney, Bangor, for the State.

Perry O'Brian, Bangor, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

Gary Allard appeals from a judgment of conviction for aggravated furnishing of a schedule Z drug, 17–A M.R.S.A. § 1105 (1983 & Supp.1995) entered in the Superior Court (Penobscot County, *Mills, J.*) following his conditional guilty plea, M.R.Crim.P. 11(a)(2). The plea preserved for appellate review the court's (*Marsano, J.*) denial of Allard's motion to suppress the evidence resulting from a search of his person. Allard contends that the search violated his rights pursuant to both the United States and Maine Constitutions because the "any and all persons" search warrant was overly broad and not based on probable cause. We affirm the judgment.

On July 13, 1993, Robert Hutchings, Jr., an agent with the Maine Drug Enforcement Agency (MDEA), obtained a warrant to search George Michael Deering's apartment. In the affidavit and request for the search warrant Hutchings alleged that Deering was trafficking in drugs at his apartment. The affidavit was based on observations of Deering's neighbors and surveillance by Hutchings and another agent that revealed the following: numerous people made brief visits to Deering's residence; on one occasion Deering's landlady heard a female ' yell to three people in a car in front of her "do you guys want pot" and then she saw her run into Deering's apartment; on another occasion a neighbor heard a male yell "if anybody wants pot, you can get it over there" and indicated Deering's apartment; known drug traffickers and/or users were seen at Deering's residence; and on two occasions people acquainted with a neighbor bought psilocybin mushrooms from Deering at his apartment. The affidavit also alleged that a confidential informant made two monitored purchases of marijuana from Deering and another confidential source had seen firearms in Deering's apartment. Based on his training, education, and experience Agent Hutchings believed that the high volume of traffic into and out of the apartment was consistent with drug trafficking and that marijuana and other items mentioned in the affidavit were located therein. The search warrant authorized a search of Deering's residence and "any and all persons found upon said premises ... with the exception of people who may arrive upon or be upon said premises in a regular course of business, (i.e. postman, delivery people)...."

On the night of July 13, 1993, local police and MDEA agents entered Deering's residence. Pursuant to the search warrant everyone present at the residence was searched, including Allard. Approximately two ounces of marijuana, $81 in cash, a marijuana pipe, pipe screens, and a Swiss Army knife were found in Allard's pants pocket.

On appeal of a trial court's denial of a suppression motion, we review the determination of the magistrate directly, not making a *de novo* determination of probable cause, but according deference to the magistrate's decision to issue the warrant. *State v. Lamson*, 640 A.2d 1076, 1081 (Me.1994). We read the affidavit accompanying the search warrant "*'positively* to determine whether it can fairly be read to support the'" magistrate's action. *Id.* (citation omitted). When determining whether probable cause existed we examine the "'totality of the circumstances.'" *Id.*

The Fourth Amendment of the United States Constitution and article 1, section 5 of the Maine Constitution require that a search warrant describe with particularity the place or person subject to the search. *See generally,* 2 LaFave, *Search and Seizure* § 4.5 (3d ed. 1996). Thus, "'general' warrants are constitutionally prohibited." *Ybarra v. Illinois*, 444 U.S. 85, 92 n. 4, 100 S.Ct. 338, 342 n. 4, 62 L.Ed.2d 238 (1979).

> A search warrant authorization to search all persons found within a specifically described place is not lacking in particularity in the sense that the executing officer will be unable readily to determine to whom the warrant applies. Rather, the question is whether there is sufficient particularity in the probable cause sense, that is, whether the information supplied the magistrate supports the conclusion that it is probable anyone in the described place when the warrant is executed is involved in the criminal activity in such a way as to have evidence thereof on his person.

2 LaFave, *Search and Seizure* § 4.5(e) (3d ed. 1996). In the instant case the affidavit established a basis to believe that scheduled drug sales were ongoing and the people coming to and going from Deering's apartment after staying for only a short amount of time were involved with those sales. The affidavit supported the magistrate's finding of probable cause that evidence of a crime would be found through a search of anyone present at Deering's residence at the time of the search. Thus, the court did not err in denying Allard's motion to suppress.

The entry is:

Judgment affirmed.

All concurring.