## Commonwealth *vs.* Peter James Burke.

No. 97-P-34.

Bristol. November 13, 1997. - December 18, 1997.

Present: Warner, C.J., Dreben, & Flannery, JJ.

*Controlled Substances. "School Zone" Statute. Statute,* Construction. *Practice, Criminal,* Instructions to jury, Reasonable doubt.

A defendant arrested within 1,000 feet of a school, while in possession of small quantities of cocaine, heroin, and marihuana, was entitled to a required finding of not guilty on an indictment charging him with violating G. L. c. 94C, § 32J, the "school zone" statute, where the Commonwealth failed to produce evidence that the school was in one of the categories enumerated in the statute, namely, an "elementary, vocational, or secondary school." [77-79]

Evidence at a criminal trial was sufficient to warrant the inference that the defendant intended to distribute the heroin he possessed. [79-80]

At a criminal trial, the judge's erroneous instruction that included the term "reservoir of doubt" could not have misled the jury when viewed in light of the judge's entire instruction on reasonable doubt which was detailed and accurate, and the judge's use of the phrase did not reduce the Commonwealth's burden and did not create a substantial risk of a miscarriage of justice. [80-81]

Complaints received and sworn to in the Fall River Division of the District Court Department on September 28, 1995, and December 4, 1995, respectively.

The cases were tried before *Antone S. Aguiar, Jr.,* J.

*Aileen F. Cox* for the defendant.

*Shaun S. McLean,* Special Assistant District Attorney, for the Commonwealth.

Dreben, J. Acting on a tip, undercover officers of the Fall River police department searched for a red G.M.C. truck with a yellow "Z" insignia. They found and followed a truck of that description. During the officers' surveillance, the truck stopped in a supermarket parking lot. The truck driver (defendant) and his sole passenger left the vehicle and were approached by a

third man with whom they engaged in conversation. While the three men were talking, the defendant reached into his right pocket and took out a clear plastic envelope containing a white powder, and the third man removed some bills from one of his pockets. Anticipating a sale of drugs, the officers drew near, whereupon the defendant yelled "cops" and tried to run away. After a scuffle with the officers, the defendant was subdued and searched. Clenched in his hand was the plastic bag, which on analysis was determined to contain 2.88 grams of cocaine. Ten glassine bags, bundled together, containing .21 grams of heroin and a small quantity of marihuana were also found in his pockets. The parking lot was within 1,000 feet of a school called the Calvary Temple Preschool.

The defendant was charged and convicted of a number of drug and other offenses, including a violation of G. L. c. 94C, § 32J, as inserted by St. 1989, c. 227, § 2, the school zone statute.[1] In this appeal he claims that (1) the evidence was insufficient to find a violation of that statute because the Calvary Temple Preschool was not an "elementary, vocational or secondary school"[2]; (2) there was insufficient evidence to find an intent to distribute the heroin; and (3) the judge, by using the phrase "a real reservoir of doubt," misstated the definition of reasonable doubt.

1. *Violations of c. 94C, § 32J.* In relevant part, that statute provides:

> "Any person who violates the provisions of section thirty-two, thirty-two A [and certain other specified statutory provisions] while in or on, or within one thousand feet of the real property comprising a public or private elementary, vocational, or secondary school, whether or not in session . . . shall be punished by [specified penalties]. . . ."

[1]The defendant was convicted of possession of cocaine and of heroin, each with intent to distribute (G. L. c. 94C, §§ 32A and 32), and each within 1,000 feet of a school (G. L. c. 94C, § 32J), three counts of assault and battery on a police officer (G. L. c. 265, § 13D), possession of marihuana (G. L. c. 94C, § 34), and conspiracy to violate the controlled substances law (G. L. c. 94C, § 40).

[2]When the defendant sought a stay of sentence before a single justice of this court, the Commonwealth conceded, based on *Commonwealth* v. *Gonzales*, 33 Mass. App. Ct. 728 (1992), that the defendant met the requirements for a stay. It claims that it did not intend to concede the issue of the nature of the school for purposes of appeal.

The only evidence as to the nature of the school was the testimony of one of the officers. He explained that the school is "a school for children ages 3 to 5, 5 ½ years old. It's a pre-primary — pre-pre-primary educational facility, with smaller children (inaudible)." When asked concerning his observations of the school, he replied as follows:

> "While working a road detail in that area, I did observe women escorting young children in, that have lunch boxes and toys, in and out of the building in the morning hours as well as the afternoon hours. I did not see any school busses, it's I believe just a preschool, several children entering and exiting on different occasions."

The only additional information elicited from the officer was that there was a sign on the front lawn which read "Calvary Temple Preschool."

The Commonwealth argues, on the basis of the age of the children, three to five and one-half years, that the jury could infer that the school included a kindergarten, and that a school which contains a kindergarten is properly considered an elementary school for purposes of the statute. There was, however, no evidence that the school contained a kindergarten. The officer's estimate as to the ages of the children is insufficient to create the inference the Commonwealth seeks.

Moreover, even if the inference were warranted, a kindergarten, together with a preschool, is not an elementary school. See *State* v. *Roland*, 577 So. 2d 680, 681 (Fla. Dist. Ct. App. 1991). In that case the court construed a similar statute (Fla. Stat. § 893.13[1][e] [1991]) which provided enhanced penalties for drug violations occurring "within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school." The court held that a school offering a "kindergarten/preschool program that . . . enrolls students from the ages of two to six" was not the type of school enumerated in the Florida statute. *State* v. *Roland*, *supra* at 681. The construction by the Florida court accords with the normal dictionary definition of "elementary school" which is a school for the first six or eight grades. See the definition in Webster's Third New Intl.

Dictionary (1971 ed.),[3] cited in *Alford* v. *Southern Berkshire Regional Sch. Dist.*, 2 Mass. App. Ct. 98, 100 n.1 (1974), and the definition in The American Heritage Dictionary 595 (3d ed. 1992).[4]

To sustain a prosecution pursuant to G. L. c. 94C, § 32J, "the Commonwealth is required to produce sufficient evidence to establish that the school is one of the types enumerated in the statute." *Commonwealth* v. *Gonzales*, 33 Mass. App. Ct. 728, 730 (1992). Just as in that case testimony giving only the name of the school, "Worcester Academy," fell short of the required evidence, so too, the testimony of the officer that the Calvary Temple Preschool provided schooling for children three to five and one-half years of age was insufficient to satisfy the Commonwealth's burden of proving beyond a reasonable doubt that the school came within one of the statutory categories. See *Commonwealth* v. *Vasquez*, 33 Mass. App. Ct. 950 (1992) (name "Woodland Street School" was insufficient to show school was one of types enumerated). Accordingly, the defendant's convictions on the school zone charges are reversed, and judgments on those charges are to be entered for the defendant.[5]

2. *Possession with intent to distribute heroin.* Laying stress on the small amount of heroin found on his person, .21 grams, the defendant argues that the quantity seized supports equally an inference of distribution and an inference of personal use. See *Commonwealth* v. *Tripp*, 14 Mass. App. Ct. 997, 999 (1982). "Quantity, however, is not the only relevant circumstantial evidence of intent to distribute." *Commonwealth* v. *LaPerle*, 19 Mass. App. Ct. 424, 429 (1985). Here, unlike in *Commonwealth* v. *Tripp*, *supra*, there was expert testimony that the form of

---

[3]The Webster definition cited in *Alford* is "a school in which elementary subjects (as reading, writing, spelling and arithmetic) are taught to children from about six to about twelve years of age which in the U. S. covers the first six or eight grades." The 1993 edition of Webster's, at 735, has the same definition.

[4]The Heritage definition is "1. A school usually for the first six or eight grades. 2. The first six to eight years of a child's formal education. Also called *grade school, grammar school, primary school.*" (Emphasis original.)

[5]Contrary to the Commonwealth's contention, the defendant's failure, if any, to raise this issue of insufficient evidence before the trial court does not preclude him from arguing the point on appeal. Where the evidence is insufficient as matter of law, Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979), requires a judge on his own motion to enter a finding of not guilty and, in any event, such a situation creates a substantial risk of a miscarriage of justice. *Commonwealth* v. *Gonzales*, 33 Mass. App. Ct. at 729.

packaging — a "bundle" of heroin, the "street term for ten individual packets, glassine packets wrapped by an elastic band" — indicated that the packets were "used for sale and not for personal use." See *Commonwealth* v. *Gonzales*, 33 Mass. App. Ct. at 731. See also *Commonwealth* v. *Clermy*, 421 Mass. 325, 331 (1995); *Commonwealth* v. *Pena*, 40 Mass. App. Ct. 905 (1996).

There was also evidence from which the jury were warranted in concluding, and the defendant does not argue otherwise, that he intended to sell the cocaine. We are aware that in *Commonwealth* v. *Ellis*, 356 Mass. 574, 578-579 (1970), the Supreme Judicial Court held that the "intent to sell heroin inferred from the possession of large quantities of that drug cannot also be used to sustain a finding that the defendant has been shown beyond a reasonable doubt to have intended to sell the Methadon[e] tablets." In that case, however, there was evidence concerning a "prescription on the bottle," and the Methadone was found in "a vial containing only six tablets." *Id.* at 579.

Although as in *Commonwealth* v. *Gonzales*, 33 Mass. App. Ct. at 731, the decision whether to allow or deny the defendant's motion for a required finding of not guilty was a close one, we consider the evidence sufficient to have submitted the issue to the jury. The inference that the defendant intended to distribute the heroin was warranted by the evidence that he had three different drugs in his possession, that he was in possession of heroin packaged in a form more consistent with sale than with personal use, and that at the time of possessing the heroin he was engaging in a sale of another drug. His attempted flight showing consciousness of guilt related, of course, to all of the drug charges.

3. *Reasonable doubt instruction.* The trial judge followed, in most respects, the charge in *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850), in formulating his instructions on reasonable doubt. There was, however, the following deviation:

> "If, after you have completed all of your considerations, you are left in that state of indecision, so your judgment and your conscience are not put at ease, you are left with a real reservoir of doubt which fails to satisfy your judgment and your conscience, and your sense of reason, then you have to resolve that doubt in favor of the defendant and find him not guilty."

The defendant's argument is directed to the reference to "reservoir of doubt" which, he contends, may have reduced the Commonwealth's burden of proof. At trial he lodged no objection to this portion of the charge. Standing alone, the term "reservoir of doubt" should not have been included.

Any error in a jury instruction must, however, be considered in the context of the charge as a whole. See *Commonwealth* v. *Keniston*, 423 Mass. 304, 316 (1996). When viewed in light of the entire instruction on reasonable doubt, we conclude the jury were not misled. Both before and after the contested reference to "reservoir of doubt," the judge provided detailed and accurate definitions of the concept of reasonable doubt. Before inserting the problematic phrase, the judge, following *Webster*, 5 Cush. at 320, defined reasonable doubt as "that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge." See *Commonwealth* v. *Bonds*, 424 Mass. 698, 703 (1997).

Where issues as important as reasonable doubt are concerned, judges would do well to follow approved models. In context, however, the judge's use of the phrase "reservoir of doubt" did not reduce the Commonwealth's burden, and did not create a substantial risk of a miscarriage of justice.

As to the complaint alleging violations of G. L. c. 94C, § 32J (the school zone counts), the judgments are reversed, the verdicts are set aside, and new judgments for the defendant are to be entered. The remaining judgments are affirmed.

*So ordered.*