## Commonwealth *vs.* Mark V. Griffin.

No. 97-P-1863.

Essex. April 8, 1998. - August 28, 1998.

Present: Kass, Smith, & Jacobs, JJ.

*Search and Seizure,* Affidavit, Warrant, Probable cause. *Probable Cause. Constitutional Law,* Search and seizure, Probable cause. *Controlled Substances.*

An affidavit in support of a search warrant adequately demonstrated probable cause to search the named premises and "all persons present" for evidence of trafficking in marihuana. [397-399]

At the trial of a defendant for possession of marihuana with intent to distribute, the judge properly admitted in evidence marihuana and other paraphernalia seized pursuant to a warrant from other persons in the apartment where the defendant was arrested, which was relevant to the fact and scope of drug dealing on the premises and which, in any event, was cumulative of the descriptive testimony of the arresting officers. [399-400]

Evidence at the trial of a complaint for possession of marihuana with intent to distribute was sufficient to establish the requisite intent. [400]

Complaint received and sworn to in the Peabody Division of the District Court Department on March 28, 1996.

The case was tried before *Robert E. Hayes,* J.

*James M. Hankin* for the defendant.

*Adam J. Bookbinder,* Assistant District Attorney, for the Commonwealth.

Jacobs, J. In executing a search warrant in Peabody for the premises of Jason Ward, which also "commanded [the] search [of] any person present," police searched and arrested the defendant who then was in the living room with others. The police found nine small packets of marihuana and about four hundred dollars in a pocket of his pants. The defendant later was convicted by a District Court jury of possession of marihuana with intent to distribute (G. L. c. 94C, § 32C). He raises three issues in this appeal. We affirm.

1. *Claim of deficiencies in the search warrant affidavit.*[1] The defendant broadly argues that the "any person present" language in the warrant did not justify the search of his person and that the evidence seized must be suppressed.[2] The search warrant was issued based on an affidavit of a police officer. "[A]ffidavits in support of search warrants are to be approached, in hindsight, with a view toward common sense. . . . After a full scrutiny of the affidavit we must be able to opine that the information contained in the affidavit and inferences which reasonably could be drawn from the information by a judicial mind establish probable cause to make the search." *Commonwealth* v. *Smith*, 370 Mass. 335, 342-343 (citation omitted), cert. denied, 429 U.S. 944 (1976).

The affidavit describes an apartment containing a living room, kitchen, bathroom, hallway, and two other rooms, rented by Jason Ward and another. The affidavit further recites that the landlord stated to the police that "Mickey" and an unknown woman also lived at the apartment. Information provided by a concerned citizen, and confirmed by police, linked Jason Ward to the apartment and past and recent drug dealing. Another concerned citizen provided information that his child "was hanging around the location. . . . [and] is involved in doing drugs there." A controlled buy of marihuana by a confidential informant was conducted within seventy-two hours of the application for the search warrant. The confidential informant reported that the transaction was carried out by Mickey and that Jason Ward was present. Police surveillance confirmed information from another concerned citizen of frequent short-term visits to the premises by persons on foot or in motor vehicles,[3] which an investigating officer concluded was activity consistent with drug distribution.

[1] The defendant's motion in limine to exclude all evidence obtained in the search was denied by the trial judge. Prior to that, his motion to suppress had been denied by another District Court judge after a nonevidentiary hearing.

[2] We need not consider the Commonwealth's argument that because the defendant urges different grounds on appeal than those argued below, the standard of review should be a substantial risk of a miscarriage of justice. The defendant's motions challenge the lawful basis of the officers' search of him, claiming that the police affidavit provides an insufficient basis for probable cause for issuance of the warrant. The motions reasonably include the propriety of the search of him as a person present.

[3] The affidavit states that the concerned citizen reported the "traffic occurred after school hours and continued to early morning hours." It also states that police surveillance was made "at various times of the day and night." A

The affidavit is to be reviewed with strict scrutiny to determine whether "the underlying circumstances presented to the issuing judge or clerk clearly demonstrate probable cause to search the named premises and to believe that all persons present are involved in the criminal activity afoot. On [this] . . . point, several facts are of particular relevance: the premises . . . to be searched are small, confined and private; the nature of the criminal activity is such that the participants (in general) constantly shift or change so that it is, practically, impossible for the police to predict that any specific person or persons will be on the premises at any given time; and the items specifically described in the warrant as the target of the search are of a size or kind which renders them easily and likely to be concealed on the person." *Commonwealth* v. *Smith, supra* at 344-345 (footnote omitted).

The affidavit here adequately provides the facts of particular relevance required by *Commonwealth* v. *Smith, supra*. It demonstrates that the premises to be searched are confined and private. The nature of the marihuana dealing, as described and observed by the police, indicates that the visitors to the apartment constantly shift or change. The principal targets of the search, marihuana and currency, are likely to be concealed on a person.

The defendant's more specific challenges to the affidavit are that it (1) does not describe with particularity the difficulty of providing a more detailed description of persons to be searched; (2) is vague as to the number and description of persons observed entering the premises and as to when the visits occurred; and (3) contains no description of possible legal visitors and no evaluation of the risk that an innocent person would be caught up in the search. Contrary to the defendant's claim, these asserted omissions are not grounds to invalidate the warrant. The guidelines stated in *Commonwealth* v. *Smith, supra*, indicate that an application for a warrant "must specifically describe the nature of the illegal activity believed to be conducted at the location, [and] the number and behavior of persons observed to have been present during the times of day or night when the warrant is sought to be executed." *Id.* at 345, quoting from *People* v. *Nieves*, 36 N.Y.2d 396, 404-405 (1975). The affidavit thoroughly identifies the illegal activity and the

police officer "obtained numerous registration numbers from [motor vehicles] at various times and dates."

behavior of the "numerous" persons observed making short-term visits. It indicates that these visits occurred after school hours until the early morning hours. Moreover, the specificity of the information from the controlled buy, and its recency, confirm the ongoing nature of the illegal activity within the apartment, which is the principal focus of the warrant. In these circumstances, no precise quantification is necessary.

The *Commonwealth* v. *Smith* guidelines also indicate the application "should" state whether persons "apparently unconnected" with the illegal activity have been seen at the premises. *Ibid.* That information principally is relevant to evaluating the risk of sweeping up an innocent person in the search. While the affidavit in this case is silent on that point, the facts otherwise presented sufficiently support a conclusion that it is reasonably probable that no person present in the apartment at the time of a search would have arrived accidentally or been unaware of the illegal activity. See *Commonwealth* v. *Smith, supra* at 345 n.12; *Commonwealth* v. *Baharoian,* 25 Mass. App. Ct. 35, 39 (1987). "Such [is] the nature of the highly risky activity [of drug distribution] that 'participants would act in secret and to the exclusion of innocent persons. . . .' " *Commonwealth* v. *Baharoian, supra* at 38, quoting from *Commonwealth* v. *Smith, supra* at 343-344. Thus, "it was permissible to conclude that it was probable that any person in the apartment was a participant in the trafficking. . . ." *Commonwealth* v. *Smith, supra* at 344. See *State* v. *Allard,* 674 A.2d 921, 923 (Me. 1996). Compare *Commonwealth* v. *Souza,* 42 Mass. App. Ct. 186, 188, 191 & n.3 (1997) (holding that the search of a man, "clearly not young enough to be in high school," who entered an apartment being searched under an "any person present" warrant was improper because the focus of the supporting affidavit was on sales of marihuana to junior and senior high school students, and the affidavit did not demonstrate probable cause to believe that sales were being made to others in the community). The defendant's motion to suppress and motion in limine properly were denied.

2. *Claim of erroneously admitted evidence.* The defendant claims the marihuana and drug paraphernalia seized from others in the apartment and from the premises improperly were admitted in evidence over his objection because he was not connected with these items. The judge ruled the physical evidence essentially would be admitted to show a scenario of drug dealing. That evidence was introduced in conjunction with the

unobjected-to testimony of three officers who described finding three persons smoking marihuana in the bathroom, which also contained bagged marihuana, a pipe, and a scale. Police also testified to finding marihuana and weights for a scale in a bedroom, and marihuana, a bong, a pipe, and papers and an instrument for rolling marihuana cigarettes in the living room. They also received telephone calls asking for Jason or Mickey, and later made a sale of marihuana to a caller who came to the door. The physical evidence was relevant with respect to the fact and scope of drug dealing on the premises. Compare *Commonwealth* v. *Benitez*, 37 Mass. App. Ct. 722, 724 (1994), and cases cited. In any event, the physical evidence essentially was cumulative of the unobjected-to testimony of the officers. Although that evidence was prejudicial to the defendant because it was without a direct nexus to him, no abuse of the judge's discretion has been shown in his implicit determination that its probative value outweighed its prejudicial effect.

3. *Denial of motion for required finding of not guilty.* Essentially the defendant claims that without the evidence seized from others and from the premises, the nine bags of marihuana and approximately four hundred dollars in tens and twenties on his person were insufficient, according to *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979), to support his conviction for intent to distribute. A police officer testified that the marihuana carried by the defendant was uniquely packaged, would sell for twenty dollars, and that the packages were consistent with distribution. He also testified to the absence on the defendant's person of any items which users of marihuana might be expected to carry. This evidence, together with the cash found on the defendant, and his arrest in a location of ongoing drug activity, properly presented a case for submission to the jury on the element of intent to distribute. See *Commonwealth* v. *Clermy*, 421 Mass. 325, 331 (1995); *Commonwealth* v. *Gonzales*, 33 Mass. App. Ct. 728, 731 (1992); *Commonwealth* v. *Pena*, 40 Mass. App. Ct. 905 (1996).

*Judgment affirmed.*