COMMONWEALTH *vs.* SHELTON LABITUE. No. 98-P-1219. July 7, 2000. *Controlled Substances. "School Zone" Statute.*

The defendant appeals from convictions of possession of cocaine with intent to distribute and of such possession within 1,000 feet of a school.

1. The defendant, the object of a drug investigation, was observed by Detective Edward Noseworthy to drive up to the intersection of Spencer Avenue and Eleanor Street in Chelsea, park, enter the duplex at 83 Spencer Avenue, emerge, look up and down the street, reenter his car, and drive off in the direction of the Mary C. Burke school. Noseworthy radioed other officers

to stop the car, and a cruiser pulled the defendant's car over about three blocks from 83 Spencer Avenue. A search of his person disclosed a bag in his underwear containing 10.13 grams of crack cocaine in rock form, an amount said by Noseworthy and an officer John Phillips to be worth about four to six hundred dollars when broken down into dime bags. The defendant also carried a beeper and $464 in cash. A search of his residence uncovered $5,259 in currency but no drug paraphernalia. The defendant had been employed in a succession of presumably low-paying jobs (waiting on tables, delivering newspapers, clerking at stores, and the like). In the opinion of the two officers, the quantity and packaging of the crack cocaine, taken in conjunction with the beeper and the large amount of cash, was more consistent with distribution than with personal use. The judge, in our view, correctly ruled that this configuration of the evidence was sufficient to warrant sending the case to the jury on the question of the defendant's intended use of the crack cocaine. Compare *Commonwealth* v. *Clermy*, 421 Mass. 325, 327, 331 (1995); *Commonwealth* v. *Gonzales*, 33 Mass. App. Ct. 728, 731 (1992); *Commonwealth* v. *Pena*, 40 Mass. App. Ct. 905, 905-906 (1996); *Commonwealth* v. *Savageau*, 42 Mass. App. Ct. 518, 519-520 (1997). See discussion in *Commonwealth* v. *Roman*, 414 Mass. 642, 645-648 (1993). The Commonwealth's case did not deteriorate in the technical sense when, in the defendant's case, his mother testified that she had recently given the defendant $2,000 in cash for his upcoming wedding, and the defendant testified that he had just cashed a $3,000 check from the settlement of a personal injury lawsuit; these could be disbelieved by the jury. See *Commonwealth* v. *Sendele*, 18 Mass. App. Ct. 755, 759 & n.17 (1984).

Both officers testified in effect that the weight of the cocaine and the manner of its packaging were more consistent with an intent to distribute than with an intention to purchase a sizeable quantity for personal use. That testimony generally was permissible, but Detective Noseworthy should not have added, "Well, it's my opinion that this is being used for distribution, packaged in the way that I initially found it." See *Commonwealth* v. *Woods*, 419 Mass. 366, 375 (1995). But there was no objection to the testimony, suggesting that defense counsel thought, as we do, that it was not significantly more prejudicial to the defendant than the gist of the officers' testimony that the package contained raw crack cocaine that "came right out of being cooked up" and had not yet been broken down for retail sale. Moreover, because the trial judge, who was in a position to strike the answer, and thus offset any prejudice, was not asked to do so, the point was waived for purposes of appeal.

2. The Commonwealth, before trial, disclosed the precise location of the school zone violation (G. L. c. 94C, § 32J) as the place where the defendant's car was stopped and he was arrested. The arrest was at 250 Spencer Avenue, from which the Mary C. Burke school lay 435 feet distant. (It was immaterial, of course, that the defendant may not have intended to distribute the crack cocaine in the Burke school zone. See *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 649-653 [1992]; *Commonwealth* v. *Tata*, 28 Mass. App. Ct. 23, 25-26 [1989].)

At trial the defendant moved for a required finding, arguing that the location should be deemed to be 83 Spencer A.   ne and that there was no evidence that the Mary C. Burke school lay with   the statutory 1,000 feet radius

therefrom. Otherwise, the defendant argued, the police could increase a defendant's criminal exposure by delaying his arrest until he drove into a school zone. The argument is illustrative of "sentencing enhancement" theory, a variety of the inducement defense that is not widely accepted and has been rejected in Massachusetts. See *Commonwealth* v. *Garcia*, 421 Mass. 686, 691-693 (1996); *Commonwealth* v. *Ortiz*, 424 Mass. 853, 860-861 (1997). Thus, we need not consider the defendant's argument that we should disregard the Commonwealth's evidence that 83 Spencer Avenue itself lay within another school zone, that of the Assumption School, because the Commonwealth had not indicated its reliance on the Assumption School zone in its particulars.

*Judgments affirmed.*

*Joseph S. Berman* for the defendant.

*Geoffrey G. Why*, Assistant District Attorney, for the Commonwealth.