COMMONWEALTH *vs.* LUCY SZEMETUM.

Worcester.    November 12, 1975. — December 19, 1975.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Evidence,* Other offense, Relevancy and materiality.

At the trial of an indictment for unlawful distribution of heroin, where there was evidence of a transaction in which the defendant handed two packets later found to contain heroin to a companion, who turned them over to a purchaser and received payment from the purchaser, questioning of the defendant as a witness as to her knowledge of previous arrests of her companion was relevant [653]; but on the record it was reversible error to admit evidence that arrests had been made previously for the sale of heroin in the area of such transaction and that the defendant had been seen in that area on earlier occasions [653-654].

INDICTMENT found and returned in the Superior Court on September 16, 1974.

The case was tried before *Griffin,* J.

*Conrad W. Fisher* for the defendant.

*Leon R. Zitowitz,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.    This is an appeal, pursuant to G. L. c. 278, §§ 33A-33G, from a conviction for unlawful distribution of a controlled substance (heroin).

On May 16, 1974, a State police officer working undercover held a conversation with one Miguel Carabello outside a barroom on Green Street in Worcester. Carabello entered the bar and returned with the defendant and a male variously known as Angel Diaz and Tito. The officer testified that he told Tito in the defendant's presence that he wanted to purchase two bags of heroin for $100. Tito then spoke to the defendant, who turned away from the officer, reached into her brassiere, and handed two packets to Tito, who turned them over to the officer. The contents

of the packets on later analysis were found to be heroin. The officer paid Tito $100. According to the officer's testimony, when he was handed the packets a second officer working undercover with him said he hoped it was "good stuff," and the defendant replied that "we haven't had any complaints yet."

A third police officer who observed the transaction from across the street, about twenty-five to thirty yards away, corroborated most of the testimony of the first officer. The third officer stated that he had been assigned to the narcotics unit for six years and that he had been in the area of the transaction hundreds of times. He testified over objection that he had made arrests in that area before and that almost every arrest involved the sale of heroin. He and two other witnesses also testified over objection that they had seen the defendant in that area on several earlier occasions.

The defendant testified in her own behalf. She stated that she had been "going steady" with Tito and had been dating him for three or four months prior to the transaction. She stated that she did not know the contents of the packets and had no intention of distributing heroin. When asked over objection about her knowledge of arrests of Tito prior to May 16, 1974, she testified that she was familiar with an arrest on May 13, but did not know the charge, and was not familiar with an arrest on April 26. She testified that she was not aware of any conversations concerning heroin or money in her presence. She denied making the statement attributed to her in the testimony of the first officer.

The assignments of error relied upon in the defendant's brief raise questions concerning (1) the admission of testimony of the conversation with Tito prior to the transaction, (2) the questioning of the defendant as to her knowledge of Tito's prior arrests, and (3) the testimony concerning previous arrests in the area of the transaction and her presence there. We reverse the conviction.

1. The defendant's argument of her first assignment of error consists only of a naked paraphrase of the assignment

of error itself. This does not rise to the level of argument, and we treat the assignment as waived. *Commonwealth v. Lacasse,* 1 Mass. App. Ct. 590, 594-595 (1973).

2. There was no error in the allowance of questions inquiring into the defendant's knowledge of prior arrests of Tito. Evidence of prior criminal activity may be admissible when introduced for relevant purposes. *Commonwealth v. Chalifoux,* 362 Mass. 811, 815-816 (1973). The defendant's familiarity with those narcotics arrests was relevant to her knowledge and intent in the present transaction. *Commonwealth v. Abbott Engr. Inc.* 351 Mass. 568, 572 (1967). Furthermore, as we have noted, in her answers the defendant denied that she had knowledge of the charges for which Tito had been arrested.

3. It was error to admit the testimony that arrests had been made for the sale of heroin in the area and that the defendant had been seen in that area on previous occasions. The only real question in this case was whether the defendant knew that the packets she handed to her companion contained heroin. The testimony was not directly relevant to that question.

As the passing of the packets was not disputed, the jury were faced only with determining which story they would credit. While it could be said that the defendant's story borders on the incredible, whether it was to be believed or disbelieved was for the jury and not for us. The prosecution argues that the evidence was admissible as relevant to the issue of identification of the defendant, as well as to show the likelihood that she knew that Tito dealt in narcotics and that the packets he had handed her contained heroin. In the circumstances of this case there is no merit to the first of these arguments. There might be some merit to the second argument had it been shown that the defendant knew of the high incidence of such crimes in the neighborhood and of Tito's prior participation therein. There was no evidence of such knowledge. Testimony that the defendant had been seen in the area on several unspecified prior occasions was not a sufficient basis for inferring such knowledge. We consider the admission of the testimony, standing alone

as it did, to be analogous to proof of guilt by association (see *Commonwealth* v. *Fancy,* 349 Mass. 196, 200 [1965]) and, having no means of determining its impact on the jury's assessment of the defendant's credibility, we are compelled to reverse (see *Commonwealth* v. *Welcome,* 348 Mass. 68, 70 [1964]).

*Judgment reversed.*

*Verdict set aside.*