COMMONWEALTH *vs.* ULYSSES PENA. No. 94-P-2104. February 21, 1996. *Controlled Substances. Practice, Criminal,* Required finding. *Evidence,* Relevancy and materiality, Consciousness of guilt.

A District Court jury found the defendant guilty of possession of a Class D substance (marihuana) with intent to distribute in violation of G. L. c. 94C, § 32C, and of possession of a Class D substance (marihuana) with intent to distribute within 1,000 feet of a school zone in violation of G. L. c. 94C, § 32J. On appeal, he claims that it was error to deny his motion for a required finding of not guilty because there was insufficient evidence of his intent to distribute.[1] We affirm the convictions.

Police saw the defendant, in a group of young men, holding a bag of what appeared to be a green, herb-like material. He hid the bag in his pants after seeing the police. When approached by the police, the defendant fled and threw down the bag which was later found to contain six smaller or "dime" bags of marihuana. A search of the defendant yielded $61.11 and a beeper. Police officers testified that the defendant's actions were consistent with drug distribution, that the packaging of the marihuana into "dime" bags was indicative of distribution, and that the area where the defendant was arrested had a high incidence of drug dealing.

This case is controlled in all material respects by *Commonwealth* v. *Clermy*, 421 Mass. 325 (1995). In *Clermy,* the Supreme Judicial Court ruled that the Commonwealth had presented sufficient evidence of intent to distribute. *Id.* at 331. There, as here, the defendant was arrested in an area where there had been a high incidence of drug dealing, *id.* at 330, and "[t]he Commonwealth presented expert testimony suggesting that the many small packets of drugs found . . . likely had been prepared for distribution. See *Commonwealth* v. *Montanez,* 410 Mass. 290, 305-306 (1991); *Commonwealth* v. *Johnson,* 413 Mass. [598,] 603-604 [(1992)]. [The Appeals Court] and the Supreme Judicial Court frequently have endorsed the admission of such evidence, acknowledging that both the quantity of drugs recovered, as well as the manner in which it is packaged, are highly proba-

---

[1]The defendant does not challenge the Commonwealth's evidence that the incident occurred within 1,000 feet of a school zone.

tive of a defendant's plans for its use. See *Commonwealth* v. *Johnson*, 410 Mass. 199, 202 (1991); *Commonwealth* v. *Sendele*, 18 Mass. App. Ct. 755, 758-759 (1984). Additionally, at the time of his arrest, the defendant also had a moderate amount of cash [$60] and a telephone beeper in his possession — both traditional accoutrements of the illegal drug trade. See *Commonwealth* v. *Parillo*, 29 Mass. App. Ct. 969, 970 (1991)." *Commonwealth* v. *Clermy*, 421 Mass. at 331, quoting from *Commonwealth* v. *Clermy*, 37 Mass. App. Ct. 774, 778 (1995). Further, here the jury had evidence of the defendant's flight and of his hiding of the bag of marihuana, from which they could infer consciousness of guilt. *Commonwealth* v. *Haney*, 358 Mass. 304, 306 (1970) (flight). *Commonwealth* v. *Meehan*, 33 Mass. App. Ct. 262, 265 (1992) (concealment).

*Judgments affirmed.*

*Patrick J. Dougherty* for the defendant.

*Nicole M. Procida* (*Katherine E. McMahon*, Assistant District Attorney, with her) for the Commonwealth.