## COMMONWEALTH *VS.* PEDRO J. GONZALEZ.

No. 97-P-2266.

Plymouth. December 18, 1998. - July 9, 1999.

Present: KASS, DREBEN, & SPINA, JJ.

*Controlled Substances. Practice, Criminal,* Required finding, Assistance of counsel, Instructions to jury. *Evidence,* Relevancy and materiality.

Evidence at the trial of an indictment for possession of heroin with intent to distribute was sufficient to warrant an inference beyond a reasonable doubt that the defendant possessed heroin with intent to distribute it. [257-258]

At the trial of a violation of the controlled substances act, a police officer's testimony, that the street corner he was watching was in a high crime area where there was drug dealing, was properly admissible. [259]

At a criminal trial, an isolated but improper question asking a police witness whether he knew the defendant, and his answer that he had "deal[t] with [him] in the past," were not sufficiently prejudicial in the circumstances to constitute reversible error. [259]

At the trial of the enhanced sentence provisions of G. L. c. 94C, § 32(*b*), nothing in the judge's conduct of the proceeding or his instructions to the jury, which had just finished deliberations in a separate trial of the same defendant on a charge of possession of heroin with intent to distribute, G. L. c. 94C, § 32(*a*), constituted reversible error. [259-261]

INDICTMENT found and returned in the Superior Court Department on March 4, 1996.

The case was tried before *Patrick F. Brady,* J.

*Stella Robinson* for the defendant.

*Michael E. Kiernan,* Assistant District Attorney, for the Commonwealth.

KASS, J. Once again, we consider the seller or buyer question in connection with a drug transaction. We decide that in this case there was sufficient evidence from which the jury could find that Pedro J. Gonzalez, the defendant, was a seller of heroin.

On December 19, 1996, a Superior Court jury returned a

verdict of guilty against Gonzalez of possession of heroin with intent to distribute (G. L. c. 94C, § 32[*a*]). That day he was also convicted, at a second trial before the same judge and jury, of having committed that offense at least once before (G. L. c. 94C, § 32[*b*]) and was sentenced to serve a single, enhanced sentence of five years at M.C.I., Cedar Junction.[1] As to the conviction of possession with intent to distribute, the defendant's primary claim of error concerns the judge's denial of his motion for a required finding of not guilty. Concerning the proceeding on the sentence enhancement pursuant to G. L. c. 94C, § 32(*b*), the defendant claims multiple errors. We affirm.

1. *Facts.* Viewed in the light most favorable to the prosecution, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), the jury could have found the following facts. On the afternoon of January 28, 1996, at approximately 2:40 P.M., Officer Michael Sullivan, who was sitting in a police cruiser, first observed the defendant standing with Angel Caraballo on a corner in downtown Brockton. That area is well known to police officers as a high crime area. An hour later, at 3:40 P.M., Officer Sullivan noticed that the two men had lingered on the same corner. He parked his cruiser about sixty feet away and watched. He saw one of the pair gesture a car over, with a motion of the head rather than a hand, to where the two were standing. The defendant stood nearby as Caraballo stuck his head in the driver's side window, reached in with his hand, and pulled something out of the car. Caraballo then put something in the defendant's left hand. With his right hand, the defendant reached into his right pants pocket and began to pull something out. As this was happening, Caraballo spotted Sullivan's cruiser and yelled something. The defendant quickly took the item that had been placed in his left hand and put it back in the car.

Sullivan moved to get assistance from a nearby officer. As he drove by the suspects, he pretended not to see them. He soon returned with another officer. Upon seeing the officers, the defendant began to run, but he was corralled by Sullivan. As he was being pursued, the defendant took something from his right pants pocket and attempted, unsuccessfully, to put it in his mouth. The item was later determined to be heroin, packaged in ten glassine bags, held together by a rubber band, with each packet bearing a brand-name stamp, "Eagle."

---

[1]As such, there was no foul along the lines described in *Bynum* v. *Commonwealth*, 429 Mass. 705 (1999).

At the close of the Commonwealth's case, and again at the close of all the evidence, the defendant moved for a required finding of not guilty, see Mass.R.Crim.P. 25, as amended, 420 Mass. 1502 (1995), arguing that the Commonwealth failed to prove the requisite intent to distribute heroin. The judge denied the motion each time.

2. *Motion for a required finding of not guilty.* We consider whether the evidence, seen in the light most favorable to the Commonwealth, was sufficient to satisfy a rational trier of fact beyond a reasonable doubt that the defendant intended to distribute drugs. *Commonwealth* v. *Latimore,* 378 Mass. at 677-678. *Commonwealth* v. *Navarro,* 39 Mass. App. Ct. 161, 167 (1995). The Commonwealth's case relied heavily on inferences, which is of course permissible. See *Commonwealth* v. *LaPerle,* 19 Mass. App. Ct. 424, 427 (1985) (intent is a factual matter which may be proved by circumstantial evidence). To survive a motion for a required finding, it is not essential that the inferences drawn are necessary inferences. It is enough that from the evidence presented a jury could, within reason and without speculation, draw them. See *Commonwealth* v. *Navarro, supra* at 168. Nevertheless, a conviction cannot rest on conjecture or speculation. See *Commonwealth* v. *Armand,* 411 Mass. 167, 170 (1991); *Commonwealth* v. *Reid,* 29 Mass. App. Ct. 537, 539 (1990).

The essential elements of the crime of possession with intent to distribute are (1) the knowing or intentional possession of a class A substance (including heroin) and (2) the intent to distribute or dispense that substance. See G. L. c. 94C, § 32. That the defendant knew he had heroin in his pocket is not seriously in contention. He ran away from the police and attempted to swallow the drugs, both indications that the defendant knowingly possessed the heroin. See *Commonwealth* v. *LaPerle,* 19 Mass. App. Ct. at 427.

As to intent to distribute, the evidence, while less penetrating, is sufficient. The defendant argues that the aborted hand-to-hand transaction that Officer Sullivan described as likely indicates that the defendant was a buyer as a seller. The Commonwealth's view, accepted by the jury, was that the defendant, with his partner Caraballo as facilitator and lookout, intended to sell drugs to whoever was in the car.

Whether the evidence is in equipoise is a nettlesome question and, in the end, turns on the specific facts of the case. For cases

in which the court thought the evidence supported a finding of buying or possession equally with a finding of selling — and, thus, requiring a finding of not guilty of distribution — see *Commonwealth* v. *Senati*, 3 Mass. App. Ct. 304, 305-306 (1975); *Commonwealth* v. *Wooden*, 13 Mass. App. Ct. 417, 422-424 (1982); *Commonwealth* v. *Tripp*, 14 Mass. App. Ct. 997, 998 (1982); *Commonwealth* v. *Reid*, 29 Mass. App. Ct. at 538-539; *Commonwealth* v. *Navarro*, 39 Mass. App. Ct. at 169. For cases in which the court thought the evidence sufficient to support a finding of selling, see *Commonwealth* v. *Rivera*, 425 Mass. 633, 648-649 (1997); *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 614 (1976); *Commonwealth* v. *LaPerle*, 19 Mass. App. Ct. at 427; *Commonwealth* v. *Gonzales*, 33 Mass. App. Ct. 728, 731 (1992); *Commonwealth* v. *Soto*, 45 Mass. App. Ct. 109, 111 (1998).

Here we have the defendant lingering on the same street corner for an extended period, over an hour, with a collaborator. He or Caraballo signals to passing cars. Those facts, alone, lend themselves more cogently to an inference of selling rather than buying. In the transaction that the police officer observed, it was Caraballo who stuck his head in a car that had stopped, took something from the driver, and then moved to Gonzalez, who took whatever it was with his left hand. Gonzalez, it will be recalled, was reaching into his right pants pocket to extract something when Caraballo noticed Officer Sullivan and gave the alarm. The reaction of Gonzalez was to toss whatever he had taken with his left hand from Caraballo back into the car. When Gonzalez went on the run he took packets of heroin from his *right* pocket and attempted to swallow them. Since what remained in the right pants pocket when the transaction aborted was heroin, it is a more than reasonable inference that money was what Gonzalez had received with his left hand and pitched back into the car. That sequence of actions is consistent with selling rather than buying. To be sure, Gonzalez did not have money on his person (a fact that cuts both ways because if he was a customer to buy in an aborted deal, one would expect him to have some money) and the weight of the ten packets of heroin was low.[2] Evidence, however, is seldom unidirectional. It was not error to deny the motion for a required finding of not guilty.

---

[2]It is not quite clear from the record whether there were .2 grams of heroin per bag, or whether the aggregate of what was in the ten bags was .2 grams.

3. *Officer's testimony that he knew the defendant.* Officer Sullivan testified over objection that the street corner he had placed under surveillance was in a high crime area where there was drug dealing. That was admissible under *Commonwealth* v. *Rivera*, 425 Mass. at 649, and *Commonwealth* v. *Pena*, 40 Mass. App. Ct. 905, 906 (1996). In addition, Sullivan was asked whether he had known the defendant and was allowed to answer that he knew the defendant and Caraballo from "dealing with them in the past." Associational evidence of that sort is suspect, and the question ought not to have been asked. *Commonwealth* v. *Burke*, 373 Mass. 569, 573-574 (1977). *Commonwealth* v. *Szemetum*, 3 Mass. App. Ct. 651, 653-654 (1975). There was, however, no motion to strike the answer. The comment here was not nearly so prejudicial as the ones in *Szemetum*, in which testimony was received that the defendant had repeatedly been seen in an area where heroin was commonly sold and arrests for selling heroin had been made. The officer's remark in the instant case about knowing Gonzalez was isolated and not adverted to in closing arguments. Insufficient prejudice attached to the remark to have it constitute reversible error.

4. *Issues relating to sentence enhancement.* Immediately after the jury returned their verdict of guilty of possession of heroin with intent to distribute it, the judge proceeded to a separate trial, but before the same jury, of the charge that Gonzalez had previously been convicted of the same crime. That was in accordance with G. L. c. 278, § 11A, which provides that a second offense charge is not to be mentioned in the trial of the offense which the Commonwealth says the defendant has committed before. Under the statute, the fact of repetitive offending is to be tried separately but the judge, as a matter of discretion, may "hold the jury which returned the verdict of guilty of the crime, the trial of which was just completed . . . to try the issue of conviction of one or more prior offenses." G. L. c. 278, § 11A, as inserted by St. 1967, c. 213. See *Bynum* v. *Commonwealth*, 429 Mass. 705, 708 (1999).

Gonzalez entered a plea of not guilty to the repeat offense charge, brought under G. L. c. 94C, § 32(*b*). In his opening statement, defense counsel conceded Gonzalez had been involved in a prior arrest and plea of guilty on a heroin charge, but explained that this was a plea bargain and did not reflect the facts. Shortly thereafter, defense counsel informed the court that Gonzalez did not wish to proceed, wished to fire his lawyer,

and wanted appointment of a new one. The judge said he would take what the lawyer had just said as a motion to discharge counsel and denied the motion. He instructed the lawyer to assist Gonzalez as best he could. The trial proceeded. The Commonwealth introduced evidence of a prior conviction of Gonzalez for the sale of heroin, including evidence that the Pedro Gonzalez in the prior conviction was the same man who had just, in trial number one, been convicted of selling heroin.

The defendant testified in his own behalf at the second trial. He admitted the prior conviction but said he had been advised to enter into a plea bargain even though he had not been selling heroin. He did not sell drugs, he told the jury. He was an addict and he only used drugs.

The judge did not question Gonzalez about why he wanted to fire his lawyer, and Gonzalez assigns that failure as an error in the repeat offense trial. A motion to discharge counsel after a trial has begun, when a continuance would inevitably be required were the motion granted, is addressed to the sound discretion of the trial judge. See *Commonwealth* v. *Price*, 17 Mass. App. Ct. 955, 956 (1983). On the basis of the record, defense counsel performed admirably in the primary trial. It would have been better for the trial judge to have questioned Gonzalez about why he wanted to fire his lawyer, see *Commonwealth* v. *Moran*, 388 Mass. 655, 659-660 (1983), but the reason for the dissatisfaction of Gonzalez is apparent: he was unhappy about having lost at the first trial. In the particular circumstances, the failure of the judge to engage Gonzalez in a colloquy was not reversible error because there was no prejudice to the defendant.

When the judge charged the jury at the second trial, he gave abbreviated instructions, often referring to and incorporating what he had told the jurors a few hours earlier. The jurors had begun deliberations on the first case at 10:40 a.m. and on the second case at 1:50 p.m. For example, the judge instructed the jury that the Commonwealth must prove the guilt of the defendant on Count B (the repeat offense count) beyond a reasonable doubt but did not rehearse a second time the entire *Webster* charge. There was no objection to the condensed instructions, and we are satisfied that the condensed instructions did not create a substantial risk of a miscarriage of justice. The judge touched on the elements the Commonwealth was bound to prove. Beyond that, it is unlikely the judge would have ac-

complished anything through full-dress repetition of the instructions.

Finally, Gonzalez complains that in the second trial the judge instructed the jury, "[b]y your verdict approximately forty-five minutes ago, this gentleman, Mr. Gonzalez, has been convicted of the offense which was charged." That was a fact of which the jury must have been acutely aware. The defendant at the second trial did not claim to be someone other than the person just convicted at the first trial. There was no error.

*Judgment affirmed.*