## COMMONWEALTH vs. MARVIN BEST.

No. 99-P-827.

Suffolk. November 8, 2000. - January 19, 2001.

Present: PORADA, LENK, & DUFFLY, JJ.

*Evidence,* Hearsay, Prior misconduct, Relevancy and materiality, Failure to produce evidence, Photograph. *Practice, Criminal,* Argument by prosecutor, Record. *Controlled Substances.*

At the trial of a narcotics offense, the judge erred in allowing a police officer to testify that the defendant's coventurer (who was tried separately) had been previously arrested for possession of heroin, but no substantial risk of a miscarriage of justice was created, where the evidence could have had but very slight effect on the verdict given the strength of the Commonwealth's case and could not have damaged the defendant's alibi defense [724-726]; further, error in the admission of evidence that the coventurer had been convicted on the basis of the arrest was not prejudicial, for the same reasons [726].

At the trial of a narcotics offense, evidence of the defendant's daily presence in an area associated with drug activity was not demonstrated to be error, where it was cumulative and relevant and where, in any event, the evidence did not create a substantial risk of a miscarriage of justice. [726-728]

A criminal defendant's failure to include in the record on appeal a copy of a document, to which he objected and which was admitted in evidence at trial, precluded appellate review of the issue. [728]

There was no merit to a criminal defendant's claim on appeal that the heroin seized from his coventurer was inadmissible at trial for lack of foundation evidence. [728]

At a criminal trial, the trial judge properly excluded from evidence photographs of the area in which a drug transaction allegedly took place, where he determined that they did not fairly and accurately depict the area at the time of the offense. [728-729]

This court declined to rule on an appellate claim regarding the impropriety of a prosecutorial argument that was inaudible on the record of the trial. [729]

COMPLAINT received and sworn to in the Roxbury Division of the District Court Department on November 1, 1994.

The case was tried before *Gregory L. Phillips,* J.

*Alexander M. Esteves* for the defendant.

*Rami M. Vanegas,* Assistant District Attorney, for the Commonwealth.

PORADA, J. The defendant was convicted, in a District Court jury trial, of distribution of heroin. Among his several claims of error on appeal, he argues that the judge erred in allowing a police officer to testify to a codefendant's prior arrest for a drug offense and in allowing a police officer to testify to the defendant's daily presence in an area where the police officers conduct sweeps for drug dealers and make the majority of their arrests for drug offenses. The defendant also claims that the judge erred in admitting in evidence the police report pertaining to the defendant's arrest and the bag of heroin allegedly sold by the defendant and in excluding from evidence photographs of the crime scene. Finally, the defendant asserts that the prosecutor committed reversible error in his closing argument. We affirm the judgment.

We summarize the evidence presented to the jury. Officers Roy Frederick and George Cardoza, members of the Boston police department's drug control unit, were conducting a surveillance of the Dudley triangle area in the Roxbury section of Boston on October 31, 1994, at about 6:00 P.M. Frederick was seated in the passenger's seat, and Cardoza was driving. As their unmarked car came down Ziegler Street, Frederick saw two people whom he knew at the corner of Ziegler Street and Harrison Avenue. One was David Montero,[1] whom Frederick knew from a prior arrest for possession of heroin, and the other was the defendant, with whom Frederick had grown up and whom he had seen almost every day in that area. As the officers drove by, Frederick, who was about three feet from where Montero and the defendant were standing, saw Montero hand the defendant an unspecified amount of currency, which the defendant took. The defendant then handed Montero a clear, light-colored glassine bag containing white powder, which Montero grasped in his right hand. Cardoza also saw the exchange between Montero and the defendant but did not see what the defendant handed Montero. After the exchange, the defendant and Montero walked down Ziegler Street toward Warren Street in the direction from which the officers had come.

The officers then drove away, parked their unmarked car on a neighboring street, and waited on foot on Warren Street for the

---

[1]References to the codefendant in this opinion are to Montero, who was tried separately from this defendant.

two men to approach. When they spotted Montero, Frederick seized him and searched him. In Montero's right fist, Frederick found a light-colored glassine bag with white powder, which appeared to be the same one that he had seen the defendant hand Montero. Montero was placed under arrest for possession of heroin. Frederick and Cardoza then proceeded to search for the defendant but did not find him. The defendant was arrested on a warrant some two weeks later. The white powder seized from Montero was subsequently analyzed as heroin.

On cross-examination of Frederick, the defendant posed questions about whether Frederick disliked the defendant because Frederick felt the defendant had been a bad influence on Frederick's brother. Frederick denied that he disliked the defendant and testified that he did not know whether the defendant had been a bad influence on his brother.

The defendant's sister, who testified on his behalf, stated that the defendant stayed with her for three days beginning on October 30, 1994, because he was seriously ill and that, during that period, he just lay around her house and drank soup. She also testified that October 31, 1994, was a Tuesday and that she would have arrived home from work shortly after 5:00 P.M., at which time the defendant was at home with her and remained there. When shown a calendar which indicated that October 31, 1994, was a Monday, however, she admitted that she would not have arrived home until shortly after 7:00 P.M. but that her son had told her that the defendant had been home all day on that date.

The defendant failed to appear for the second day of the trial, and the judge instructed the jury that, if the Commonwealth proved that the defendant had knowingly absented himself from the trial, the jury were permitted, but not required, to draw an inference against the defendant.

We now address each of the defendant's claims of error.

1. *Evidence of codefendant's prior drug arrest.* In response to an inquiry whether Officer Frederick recognized the person with the defendant, Frederick responded, "It's a gentleman who we had arrested prior." There was no objection to the answer or motion to strike the answer. Then the prosecutor queried Frederick anew whether he had arrested Montero before. Frederick responded: "[a]pproximately two months before." At that point defense counsel objected, and an inaudible sidebar followed. Subsequent to the sidebar, the judge allowed the officer to testify

that Montero had been arrested a month or two before. Following this testimony the prosecutor asked what Montero had been arrested for, and Frederick responded it was for possession of a Class A drug, heroin. The defendant did not object to this answer or move to strike. In subsequent testimony over the objection of the defendant, Frederick also testified that, following Montero's arrest on October 31, 1994, Montero had been found guilty of possession of heroin.

The defendant argues that this evidence was inadmissible because it was hearsay or evidence of a prior bad act. The Commonwealth concedes that it should not have been admitted but argues instead that it was not prejudicial. There is no question that the police officer should not have been permitted to testify that the codefendant had a prior arrest for possession of heroin. See *Commonwealth* v. *Kennedy*, 426 Mass. 703, 709 n.5 (1998) (while evidence of a prior arrest of a codefendant may be admissible at a motion to suppress hearing in determining probable cause to arrest the defendant, such evidence would not be admissible at trial to establish the defendant's guilt). See also *Brinegar* v. *United States*, 338 U.S. 160, 173-174 (1949). Such evidence tainted the defendant with guilt by association and was not relevant to prove the defendant distributed heroin. Because the defendant, however, did not object to the officer's initial testimony that Montero had a prior arrest or to his subsequent testimony identifying the arrest as one for possession of heroin, our standard of review is one of substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). We must then decide whether the admission of this evidence materially influenced the jury's verdict. *Commonwealth* v. *Alphas*, 430 Mass. 8, 13 (1999).

We conclude that this evidence would have had but very slight effect upon the jury's verdict because of the strength of the Commonwealth's case, *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 21 (1986), and would not have damaged the alibi defense advanced by the defendant, *Commonwealth* v. *Anderson*, 396 Mass. 306, 316 (1985). Here, two experienced police officers testified that they saw the defendant, whom they knew and recognized, hand an object to Montero in exchange for money. Minutes later, Frederick seized a glassine bag from Montero's right hand. Frederick recognized the bag as the same one he had seen the defendant hand to Montero, who took it in his right hand. The bag contained heroin. Frederick testified that

the exchange between the defendant and Montero was consistent with the purchase of drugs. In light of this evidence, we do not think it is plausible that the result might have been otherwise but for the testimony regarding Montero's prior arrest. *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. at 21.

Also, as the Commonwealth argues, part of the defendant's strategy was to claim that he had been framed by the police officers because Frederick held the defendant responsible for the troubles of Frederick's brother. Although the defendant produced no substantive evidence to support this theory, the admission of this evidence, which defense counsel elicited again and again in cross-examination, enabled the defendant to argue to the jury that Montero was a likely target for the frame-up because the officers knew it was probable that they could find drugs on him.

In sum, even if we were to apply the less onerous prejudicial error standard of review, which the Commonwealth and the defendant relied upon in their arguments, we can say with fair assurance that the error had but very slight effect on the jury's verdict and, in any event, did not create a substantial risk of a miscarriage of justice. *Commonwealth* v. *Alphas*, 430 Mass. at 13-14 & n.7.

We also decide it was error for the judge to allow a police officer to testify that Montero was found guilty of possession of heroin based on his arrest on October 31, 1994. *Commonwealth* v. *Tilley*, 327 Mass. 540, 548 (1951). Because the defendant objected to this testimony, the standard of review is whether the error was prejudicial. *Commonwealth* v. *Alphas*, 430 Mass. at 13 n.7. Because the jury had already been apprised of Montero's arrest for this offense and because of the strength of the Commonwealth's case and the nontoxic effect of this evidence on the defendant's claims of alibi and frame-up, we can say with fair assurance that the erroneous admission of this evidence "did not influence the jury, or had but very slight effect." *Commonwealth* v. *Flebotte*, 417 Mass. 348, 353 (1994), quoting from *Commonwealth* v. *Peruzzi*, 15 Mass. App. Ct. 437, 445 (1983). As such, the admission of this evidence did not create prejudicial error requiring reversal.

2. *Evidence of the defendant's daily presence in an area associated with drug activity.* The defendant argues that it was error for the judge to allow Frederick to testify that he saw the defendant "[i]n the same area [where the alleged drug sale took place] just about every single day prior to that night" and

thereafter to testify that they patrolled the area because of the "overflow from the Mission Hill sweeps" and that they made the "majority of [their drug] arrests in that area." His argument does not merit extended discussion because, after reciting the testimony, the defendant's argument consists of two lines and a one-sentence conclusion citing no legal authority. Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See *Commonwealth* v. *Hrycenko*, 417 Mass. 309, 319 (1994) (defendant's argument does not merit extended discussion where he failed to support his specific argument with any case or statutory citation).

While it is true that a person cannot be convicted by proof of guilt by association, *Commonwealth* v. *Szemetum*, 3 Mass. App. Ct. 651, 653-654 (1975); *Commonwealth* v. *Gonzalez*, 47 Mass. App. Ct. 255, 259 (1999), evidence that a particular area is known for drug dealing is one of many factors that can be considered in determining whether a drug transaction occurred. See *Commonwealth* v. *Rivera*, 425 Mass. 633, 649 (1997) ("area known for drug dealing"); *Commonwealth* v. *Pena*, 40 Mass. App. Ct. 905, 905 (1996) ("high incidence of drug dealing").

Also, because Frederick's testimony about the "overflow from the Mission Hill sweeps" was elicited initially by the defendant during cross-examination and the comment by Frederick to which the defendant objected was merely a reiteration of that testimony, the defendant's claim of error is unavailing. See *Commonwealth* v. *Kaste*, 4 Mass. App. Ct. 589, 592 (1976) ("the exception would avail the defendant nothing, as testimony substantially to the same effect had been elicited by the defendant from the witness in earlier cross-examination"). We also view Frederick's testimony that the majority of their arrests in that area were for drug offenses as simply cumulative of his description of the area as one infiltrated with drug dealers. The admission of this evidence was not error.

Frederick's testimony that he saw the defendant in that area every night is more problematic. See *Commonwealth* v. *Szemetum*, 3 Mass. App. Ct. at 653 (it was error to admit the testimony that the defendant had been seen in the area on previous occasions where arrests had been made for the sale of heroin). Nevertheless, unlike the *Szemetum* case, there was no objection by the defendant to this testimony, and the evidence was relevant to buttress the police identification of the defendant because of the alibi defense and to explain the police officers' apparent

confidence that they would locate the defendant without immediately pursuing him after the offense. In addition, this testimony was elicited by the prosecutor in his direct examination of Frederick. The testimony of Frederick regarding the infiltration of drug dealers in the Dudley triangle area and that the majority of the officers' drug arrests are made in that area was elicited by the prosecutor on redirect examination, but only after Frederick had testified under cross-examination concerning the overflow of drug dealers into this area as a result of the sweeps. There was, thus, no attempt by the prosecutor to juxtapose this testimony. In these circumstances, we do not consider this evidence suspect as guilt by association evidence. *Commonwealth* v. *Gonzalez*, 47 Mass. App. Ct. at 259. There was no error and certainly, if error, no substantial risk of a miscarriage of justice.

3. *Other claims of error.* The defendant claims that the admission of the police report in evidence was error because it contained prejudicial hearsay evidence. However, the defendant has failed to include in the record on appeal a copy of the police report or elucidate in his brief those prejudicial statements about which he complains. Such an omission precludes our review. See *Commonwealth* v. *Burns*, 43 Mass. App. Ct. 263, 268 n.5 (1997), quoting from *Commonwealth* v. *Bernier*, 366 Mass. 717, 720 (1975) ("[i]n order to be entitled to have this court consider and decide an issue, the defendant has the . . . burden of including in a record on appeal all of the evidence, facts, or information pertinent to the issue").

The defendant's argument that the package of heroin allegedly seized from Montero should not have been admitted in evidence because the Commonwealth failed to lay a sufficient foundation is without merit. Frederick's testimony about the procedures followed by him after the package was seized and his subsequent identification of the package as the one seized from Montero provided sufficient foundation for its admissibility. "Any argument that the defendant may have had with [Frederick's] authentication testimony concerned the 'weight and credibility of the evidence, a matter wholly within the province of the jury.' " *Commonwealth* v. *Ortiz*, 424 Mass. 853, 860 (1997), quoting from *Commonwealth* v. *Martino*, 412 Mass. 267, 272 (1992).

Likewise, we decide that the judge did not abuse his discretion in denying the defendant's request to introduce photographs

of the area where the exchange allegedly took place. See *Commonwealth* v. *Simmons*, 419 Mass. 426, 430 (1995). The photographs in question were alleged to have been taken in the daytime at 2:00 P.M., and the offense allegedly took place in the nighttime at 6:00 P.M. In those circumstances, the judge could properly conclude that the photographs were not a fair and accurate representation of the Dudley triangle area at the time of the offense. See *Commonwealth* v. *Weichell*, 390 Mass. 62, 77-78 (1983), cert. denied, 465 U.S. 1032 (1984) (judge did not abuse discretion in excluding photographs where there was no testimony that they accurately represented "the condition of the lighting at the time of the murder").

Finally, the defendant claims that the prosecutor committed reversible error in his closing argument. The defendant argues that, at the end of his closing, the prosecutor exhorted the jury that it was their job to return a verdict of guilty. However, the statement on which the defendant relies contains an inaudible portion.[2] On the record furnished to us, we cannot determine what was said. Because it was the defendant's obligation to furnish us with an adequate record, we decline to consider the claim. See Mass.R.A.P. 8(c), (e), as amended, 378 Mass. 933-934 (1979). See also *Commonwealth* v. *Woody*, 429 Mass. 95, 98-99 (1999) (burden is on the appellant to settle the record if the omissions are material).

In any event, even if the prosecutor made this comment as alleged by the defendant, the isolated statement would not require reversal in light of the strength of the Commonwealth's case. See *Commonwealth* v. *Davis*, 38 Mass. App. Ct. 932, 934 (1995) (comment arguably suggesting that it was jury's duty to convict, standing alone, not prejudicial where case against the defendant was strong).

*Judgment affirmed.*

---

[2]The statement as presented to us in the record is: "I want to remind you that your job is [inaudible] return a verdict of guilty."