## COMMONWEALTH *vs.* RICARDO ORTEGA.

No. 01-P-802.

Bristol. May 13, 2003. - September 8, 2003.

Present: GRASSO, McHUGH, & MILLS, JJ.

Further appellate review granted, 440 Mass. 1105 (2003).

*Practice, Criminal,* Assistance of counsel, Motion to suppress, Conduct of prosecutor, Argument by prosecutor, Required finding. *Constitutional Law,* Assistance of counsel, Search and seizure. *Search and Seizure,* Expectation of privacy. *Controlled Substances.*

A criminal defendant was not deprived of the effective assistance of counsel in a case involving trafficking in heroin, where, viewed as part of an over-all defense strategy, counsel's determination not to risk undermining a defense of disavowing any connection to the apartment in which bags of heroin were found by filing a motion to suppress was not manifestly unreasonable, and where counsel's failure to call certain witnesses did not deprive the defendant of an otherwise available ground of defense. [219-223]

There was no merit to a criminal defendant's contention that improper questioning by the prosecutor could have resulted in his conviction based on a doctrine of guilt by association. [223]

At a criminal trial, the prosecutor did not, in closing argument, vouch for the credibility of police witnesses or suggest the prosecutor's personal knowledge of things unknown to the jury. [224]

At the trial of an indictment for trafficking in heroin, the judge did not err in denying the defendant's motion for a required finding of not guilty, where evidence that the defendant had constructive possession of the heroin found in an apartment by the police was ample, including a police officer's observation of the defendant coming and going from the premises more than twenty-five times, often using a key to gain entry; statements by the defendant that he lived at the premises and that he knew drugs were in a closet on the premises; and discovery of a bail receipt stating that the defendant lived at the premises, men's clothing, and mail addressed to the defendant and forwarded to the premises. [224]

INDICTMENTS found and returned in the Superior Court Department on September 29, 1999.

The cases were tried before *Catherine A. White,* J.

*Barry P. Wilson* for the defendant.

*Steven E. Gagne*, Assistant District Attorney, for the Commonwealth.

GRASSO, J. In this direct appeal from his conviction for trafficking in heroin, see G. L. c. 94C, § 32E(*c*)(1), the defendant contends that trial counsel was ineffective because he failed (1) to file a motion to suppress evidence seized during execution of a no-knock search warrant and (2) to call essential witnesses at trial. The defendant also maintains that the prosecutor's redirect examination and closing argument created reversible error and that the trial judge erred in denying his motion for a directed verdict.[1] We affirm.

*Background.* We recite the facts the jury could have found in the light most favorable to the Commonwealth, reserving further details for discussion in connection with the specific issues raised. Beginning in early January, 1999, New Bedford police Officer Troy Spirlet began surveillance of the defendant at 280 Acushnet Avenue, New Bedford. During the next three weeks, Officer Spirlet observed the defendant coming and going from the premises more than twenty-five times, often using a key to gain entry. On some occasions, Officer Spirlet followed the defendant from the premises to various locations and back to 280 Acushnet Avenue.

On February 5, 1999, Officer Spirlet obtained a "no-knock" search warrant for apartment 3H at 280 Acushnet Avenue that authorized the seizure of all drugs and materials related to the delivery or distribution of controlled substances. Officer Spirlet and three other officers executed the warrant the next day at approximately 8:00 A.M. Upon entry, they found the defendant, along with Kelly Rodrigues and their young daughter.

When the defendant saw the police, he ran down the hallway into the bathroom. After being subdued and handcuffed, the defendant indicated that he wished to cooperate and motioned his head toward a shoebox on a shelf in the closet. There the police found a large amount of heroin together with items commonly used in drug operations, including a stamp, a cutting agent, a sifter, glassine packets, and small elastics. The police

---

[1]Following his conviction, the defendant filed a new trial motion that raised the same issues pressed here on direct appeal. The trial judge denied the motion, and the defendant did not appeal from that ruling.

also seized 250 glassine packets of heroin on a counter in the kitchen, twelve boxes of glassine packets, marijuana in the refrigerator, and more than $1,000 in currency.

Also found were men's clothing and shoes, an envelope from the Registry of Motor Vehicles addressed to the defendant at the Acushnet Avenue address, other mail forwarded to him there, and bank statements in the defendant's name. At the time of the search, the defendant told the police that he lived at the apartment. Upon release from custody, the defendant signed a bail recognizance that listed 280 Acushnet Avenue as his residence.[2]

1. *Ineffective assistance of counsel.*

a. *The failure to file a motion to suppress.* The defendant maintains that counsel's failure to file a motion to suppress the drugs seized amounts to ineffective assistance of counsel. See *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). Specifically, he contends that probable cause to dispense with the common-law "knock and announce" requirement was lacking.[3] See *Commonwealth* v. *Cundriff,* 382 Mass. 137, 147 & n.15 (1980), cert. denied, 451 U.S. 973 (1981) (requires probable cause to believe evidence will be destroyed, suspect will escape, or announcement will result in violent resistance endangering safety of police or others). See also *Commonwealth* v. *Macias,* 429 Mass. 698, 704 (1999); *Commonwealth* v. *Jimenez,* 438 Mass. 213, 216-217 (2002).

Although challenging the no-knock feature of the warrant was one option to consider, it was not the only reasonable one. "Unless a tactical decision of trial counsel was 'manifestly unreasonable when made,' we will not find ineffectiveness." *Commonwealth* v. *LaCava,* 438 Mass. 708, 713 (2003), quoting from *Commonwealth* v. *Martin,* 427 Mass. 816, 822 (1998). "[W]e give trial counsel's tactical decisions due deference, and do not second guess competent lawyers working hard for defendants who turn on them when the jury happen to find their

---

[2]The defendant acknowledged signing the bail recognizance, but disavowed the handwriting that indicated Acushnet Avenue to be his residence.

[3]The defendant does not argue that the search warrant application and affidavit failed to establish probable cause to believe that drugs were located at the apartment.

clients guilty." *LaCava, supra* at 713 (quotations and citations omitted). The assessment that the risk in seeking suppression might outweigh the benefit of denying the defendant's connection to the premises did not fall measurably below that of reasonably competent counsel and thus does not warrant reversal. See *Commonwealth* v. *Rondeau,* 378 Mass. 408, 412-413 (1979).

At trial, the centerpiece of the defense was disavowal of any connection to 280 Acushnet Avenue where the drugs and other indicia of distribution were found. Juxtaposed with this disavowal was the defendant's assertion that Rodrigues had a drug problem, had been arrested for a drug offense, and had a number of questionable men friends who stayed with her, any of whom could have been the owner of the men's clothing and the drugs.

In his testimony, the defendant explained that he had lived previously with Rodrigues at 379 Cedar Street, New Bedford, until October of 1998, when her heroin use, drug arrest, and unsavory male friends led him to leave. He then had moved to the Bronx, New York, where he lived at his mother's house with his new girlfriend. He had no ongoing relationship with Rodrigues other than through their daughter. He only went to the premises three or four times to visit his daughter who lived there with Rodrigues.

He denied living or keeping clothing or toiletries at the Acushnet Avenue apartment, denied having keys or paying any portion of the rent, and denied owning the men's clothing found there. All phone bills, gas and electric bills, and rental receipts for the apartment were in Rodrigues's name or that of another woman. Except for one occasion, on visits to his daughter the defendant stayed with a friend at 35 Rodney French Boulevard.

The defendant further testified that on the night prior to execution of the search warrant, he had arrived by bus from New York at about 10:30 P.M. and watched his daughter while Rodrigues went out with her new boyfriend. The defendant had fallen asleep on the couch around 11:00 P.M. He awakened the next morning when the police entered the premises. The 250 bags of heroin found in the kitchen were placed there some time after the defendant had fallen asleep. He never saw the

marijuana found in the refrigerator. Upon his arrest a police officer said, "You're a hard person to find; you're always in New York."

Viewed as part of an over-all defense strategy, the determination not to risk undermining the defense of disavowing any connection to the apartment by filing a motion to suppress was not "manifestly unreasonable." See *Commonwealth* v. *Rondeau*, 378 Mass. at 412-413. "[A]n ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight." *Commonwealth* v. *Peloquin*, 437 Mass. 204, 210 n.5 (2002). To challenge the search and seizure of items from the third-floor apartment at 280 Acushnet Avenue, the defendant had the threshold burden of establishing that the government intruded in a place in which he had a reasonable expectation of privacy.[4] See *Commonwealth* v. *D'Onofrio*, 396 Mass. 711, 714-715 (1986); *Commonwealth* v. *Carter*, 424 Mass. 409, 411 (1997). "In connection with a suppression motion, a defendant has the burden of establishing that the government has intruded on his or her reasonable expectation of privacy, thus establishing that a search has taken place. Then, but only then, the government has the burden to show that its search was reasonable and therefore lawful." *Commonwealth* v. *Pina*, 406 Mass. 540, 544, cert. denied, 498 U.S. 832 (1990). See *Commonwealth* v. *Sespedes*, 58 Mass. App. Ct. 907, 909 n.3 (2003).

The rules of criminal procedure require that a defendant seeking suppression raise the issue by motion and supporting affidavit, upon personal knowledge, setting forth the factual basis for the motion. See Mass.R.Crim.P. 13, 378 Mass. 871 (1979); *Commonwealth* v. *Robles*, 48 Mass. App. Ct. 490, 491 n.1 (2000); *Commonwealth* v. *Zavala*, 52 Mass. App. Ct. 770, 773-774 (2001). An affidavit from the defendant himself asserting a factual basis for a claimed expectation of privacy in the premises

---

[4]The drug charges on which the defendant was indicted were possessory offenses conferring automatic standing. See *Commonwealth* v. *Amendola*, 406 Mass. 592, 600 (1990); *Commonwealth* v. *Montanez*, 410 Mass. 290, 300-301 (1991); *Commonwealth* v. *Lodge*, 431 Mass. 461, 474-475 (2000).

would put at some risk the defendant's chosen trial strategy of disavowing all connection to the Acushnet Avenue apartment or its contents and thrusting the blame in Rodrigues's direction. The defendant ran the risk of being impeached at trial with his supporting affidavit. See *Commonwealth* v. *Rivera*, 425 Mass. 633, 637-638 (1997). There was little likelihood that Rodrigues would risk inculpating herself to aid the defendant's cause.[5]

Even assuming that the defendant could have met his threshold burden of establishing that a search in the constitutional sense occurred, see *Commonwealth* v. *Frazier*, 410 Mass. 235, 243 (1991), the likelihood of the defendant's establishing the absence of probable cause to issue a no-knock warrant was at least open to question.[6] Moreover, "evidence seized in violation of the law will be suppressed only if the violation is substantial or rises to the level of a Federal or State constitutional violation." *Commonwealth* v. *Grimshaw*, 413 Mass. 73, 77 (1992). Violation of the knock and announce requirement does not automatically lead to suppression of the evidence. See *Commonwealth* v. *Gomes*, 408 Mass. 43, 46 (1990); *Commonwealth* v. *Jimenez*, 438 Mass. at 222. Whether the evidence seized should be suppressed would depend upon (1) the degree to which the violation undermined the principles underlying the governing law; and (2) the extent to which exclusion will tend to deter such violations from being repeated. *Commonwealth* v. *Gomes*, 408 Mass. at 46. Under these circumstances, we cannot conclude that defense counsel's decision not to file a motion to suppress was manifestly unreasonable.

b. *Additional witnesses.* The defendant next contends that counsel was ineffective in failing to call his current girlfriend,

---

[5]Also pending was an indictment for conspiracy, a nonpossessory offense, in which Rodrigues was alleged to be a coconspirator. See *Commonwealth* v. *Frazier*, 410 Mass. 235, 244-246 & n.3 (1991); *Commonwealth* v. *Albert*, 51 Mass. App. Ct. 377, 379 nn.5 & 6 (2001).

[6]See *Commonwealth* v. *Macias*, 429 Mass. at 704 n.6.; *Commonwealth* v. *Jimenez*, 438 Mass at 218. The affidavit in support of the search warrant application recited that a confidential informant made a controlled buy of heroin from the defendant at a location away from the apartment. The defendant did not allow customers to come to the apartment due to fear of complaints by neighbors and in order not to draw attention to himself. The affidavit also recited the defendant's previous arrest for assault and battery by means of a dangerous weapon.

his mother, and Rodrigues to corroborate his assertion that he lived in New York rather than at Acushnet Avenue.[7] Ineffective assistance of counsel is not established simply by showing that the defendant's counsel did not call a witness. See *Commonwealth* v. *Rondeau*, 378 Mass. at 413; *Commonwealth* v. *McMaster*, 21 Mass. App. Ct. 722, 735 (1986). The defendant must make a showing that the purported testimony would have been either relevant or helpful. See *Commonwealth* v. *Beauchamp*, 49 Mass. App. Ct. 591, 609-610 & n.23 (2000). He has not done so. Nor has he established that the failure to call these witnesses undermined his defense in any significant way.

The testimony the defendant speculates these witnesses could have supplied was cumulative of the defendant's testimony. See *Commonwealth* v. *Knight*, 437 Mass. 487, 500 (2002).[8] During cross-examination, the defendant testified that his current girlfriend, who was outside the courtroom, could testify that he lived in the Bronx. Defense counsel directed the jury's attention to other corroborative evidence that the defendant lived there, including a New York State photo identification card and a car rental agreement, both of which listed a Bronx address. Counsel's failure to call these witnesses did not deprive the defendant of an otherwise available ground of defense. See *Commonwealth* v. *Saferian*, 366 Mass. at 96.

2. *Guilt by association.* We have considered and we reject the defendant's contention that improper questioning by the prosecutor could have resulted in his conviction based on "a doctrine of guilty by association." See *Commonwealth* v. *Szemetum*, 3 Mass. App. Ct. 651, 653-654 (1975); *Commonwealth* v. *Gonzalez*, 47 Mass. App. Ct. 255, 259 (1999). One isolated improper question did not cause prejudicial error. *Commonwealth* v. *Pagano*, 47 Mass. App. Ct. 55, 60 (1999), cert. denied, 528 U.S. 1089 (2000).

---

[7]The defendant asserts that Rodrigues could also have testified that she and the defendant were not engaged in a relationship, and, further, to the respective locations of herself, the defendant, and their daughter at the time the police entered.

[8]In his new trial motion, the defendant provided no affidavits from any of the prospective witnesses setting forth the substance of their proposed testimony. See *Commonwealth* v. *Lynch*, 439 Mass. 532, 538-539 & n.2 (2003).

3. *Prosecutor's closing.* The defendant asserts that the conviction should be reversed because in closing argument the prosecutor made statements as to what he would have done in the defendant's position. We have reviewed the entire closing argument and, in context, the now-challenged remarks created no error, much less a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Montgomery*, 52 Mass. App. Ct. 831, 834-835 (2001).[9] In his closing the prosecutor did not vouch for the credibility of the police officers or suggest the prosecutor's personal knowledge of things unknown to the jury. Rather, the prosecutor addressed the evidence, including the differences between the police officers' testimony and the defendant's, and suggested that if the jury used their common sense they would find the officers' testimony more credible. *Ibid.*

4. *Motion for required finding of not guilty.* The evidence that the defendant had constructive possession of the heroin found in the apartment was ample. Mere presence in the area where contraband is found is insufficient to show "the requisite knowledge, power, or intention to exercise control over the [contraband], but presence, supplemented by other incriminating evidence 'will serve to tip the scale in favor of sufficiency.' " *Commonwealth* v. *Albano*, 373 Mass. 132, 134 (1977), quoting from *United States* v. *Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). *Commonwealth* v. *Monson*, 57 Mass. App. Ct. 867, 870-871 (2003). Officer Spirlet observed the defendant coming and going from the premises more than twenty-five times, often using a key to gain entry. The defendant told the police he lived there, pointed out the drugs in the closet, and signed a bail receipt which stated he lived at the apartment. See *ibid.* The police found men's clothing, as well as mail addressed to the defendant and forwarded there. See *Commonwealth* v. *Rarick*, 23 Mass. App. Ct. 912, 913 (1986). The judge did not err in denying the defendant's motion for a required finding of not guilty. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979).

*Judgment affirmed.*

---

[9]Defense counsel made no contemporaneous objection.